UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THE UNITED STATES OF AMERICA,

v.

**Hon. Hugh B. Scott**

04CR152

FRANKLIN GAYLE,

**Report
&
Recommendation**

Defendant.

Before the Court is defendant's omnibus motion seeking (among other forms of relief)

suppression of evidence seized pursuant to a warrant (Docket No. 37).  The motion was

submitted on November 5, 2004 (Docket No. 43).  This matter was referred to the undersigned to

hear and determine pretrial matters and to submit proposed findings of fact and recommendations

for disposition of any motions (Docket No. 35).  Defendant also seeks various discovery, and

disclosure.  This Report & Recommendation will consider the suppression motion and the

motion to dismiss the indictment on sufficiency grounds; a separate Order will consider the

discovery motions.

## BACKGROUND

On September 21, 2000, two Niagara Falls police detectives sought a search warrant from

Niagara Falls City Court upon defendant's person and his residence at 2005 LaSalle Avenue,

Niagara Falls, New York, to search for cocaine and other narcotics trafficking items.  The

application for that warrant was based upon one informant's disclosures to the detectives,

claiming that defendant was selling cocaine at that address, as well as those officers'

observations of the informant with the defendant.  (Docket No. 37, Def. Atty. Affirm. Ex. A.)  A

vehicle registered to defendant's mother was used by defendant and parked at the LaSalle

Avenue house.  But the detective obtained a warrant to search the mother's house at

1308 Ashland Avenue, also in Niagara Falls, based upon her address for the vehicle registration.

(Docket No. 37, Def. Atty. Affirm. ¶¶ 30-31, 29, Ex. A.)  The detectives stated in the application

that they observed defendant meet with the informant to conduct a controlled drug sale (id. ¶ 45,

Ex. A).

      Later that day, the detectives obtained the search warrant.  After defendant was pulled

over in a traffic stop, the detectives searched defendant's mother's home and defendant's

residence at 2005 LaSalle Avenue, as well as defendant's person and vehicle.  (Docket No. 37,

Def. Atty Affirm. ¶¶ 5, 6, 7, 8.)  According to defense counsel's affirmation (Docket No. 37, ¶ 8),

no drugs were found during the traffic stop and search of the vehicle.

*Search of 1308 Ashland*

      Defendant was brought into his mother's house at 1308 Ashland and was searched, with

no contraband found.  (Id. ¶ 11.)  The house then was searched and the detective found in the

basement rafters a plastic bag with residue, two torn plastic bags with residue, a partially torn

bag, and two blue zip-lock bags.  (Id. ¶ 13.)  A further search of the basement revealed a shoe

box inside of a larger box which contained three large freezer bags, numerous small pink

baggies, and residue in baggies and in the box.  (Id. ¶ 14.)

*Search of 2005 LaSalle*

      While the search of 1308 Ashland was going on, defendant's house was entered and

searched.  (Id. ¶ 15.)   A United States Customs dog was directed to defendant's room and there

detected something in the top right dresser drawer in defendant's bedroom (id. ¶¶ 20, 21, 22),

with that drawer containing a plastic bag containing other plastic bags with chunks of a tan

substance field tested to be cocaine, and a tangent digital scale (id. ¶ 23).  A further search of

defendant's bedroom revealed two more plastic bags, his driver's license, and currency in a

pillow case totaling $892 in $50, $20s, $10s, and a $2 bill (id. ¶ 24).

*Charges*

On June 24, 2004, the federal Grand Jury returned a two-count indictment against the

defendant charging possession with the intent to distribute, cocaine base, a Schedule II controlled

substance (see Docket No. 42, Gov't Response at 1).

## DISCUSSION

I.      Suppression of Evidence

A.      Search of 1308 Ashland Avenue

Defendant argues, first, that the mother's house at 1308 Ashland Avenue is not indicated

on the search warrant, hence law enforcement had no basis for making inquiry at that address.

(Docket No. 37, Def. Atty. Affirm. ¶ 29.)  The only reference to 1308 Ashland Avenue is the

vehicle registered to defendant's mother but driven by him.  Aside from its general good faith

exception argument (Docket No. 42, Gov't Response at 7-8), the government does not contest

the validity of the Ashland Avenue warrant or search.

The warrant application focused on defendant's LaSalle Avenue residence, with only a

cursory mention of Ashland Avenue due to the fact of his mother's registration of the car

defendant was driving.  The informant did not tie any drug possession to the Ashland Avenue

house.  He claimed that drugs could be purchased from defendant either at LaSalle Avenue or by

3

making an arrangement to meet defendant at some other, unspecified location.  The mother's automobile was parked at the LaSalle Avenue residence and driven by defendant.  The officers searched this car and, according to defendant (and not refuted by the government), no narcotics were found in that vehicle (Docket No. 37, Def. Atty. Affirm. ¶ 8).  There was no evidence for the issuing magistrate to find that drugs might have been found at the Ashland Avenue residence and the warrant itself does not mention searching the Ashland Avenue residence.  The officers, therefore, could not rely upon the warrant in good faith to authorize a search it did not authorize.  Thus, the evidence seized at 1308 Ashland Avenue should be suppressed.

B.     Search of 2005 LaSalle Avenue

Next, defendant contends that the warrant is based upon information supplied by a single confidential informant, without indicating the basis of that informant's information.  (Id. ¶¶ 33-34.)  Defendant argues that the probable cause for issuance of the search warrant is based solely upon the uncorroborated statements of an informant (id. ¶ 36).  There is no indication that the informant was ever inside 2005 LaSalle Avenue to know whether defendant possessed drugs there or not (id. ¶¶ 44-47).  Defendant seeks a Franks hearing on the probable cause for the warrant, namely the omissions in the warrant application.  (Id. ¶¶ 54-56.)  See Franks v. Delaware, 438 U.S. 154 (1978).

Defendant seeks disclosure of the identity of the informant, a Franks hearing to challenge the truthfulness of the warrant application statements, and a suppression hearing to suppress all evidence seized pursuant to the warrant.  (Id. ¶ 58.)  The suppression hearing would also consider the breadth of the warrant (id. ¶ 66).  Defendant also argues that the warrant was overly broad, calling for a general search.  (Id. ¶¶ 59-66.)  Defendant complains that the state court warrant

here does not comply with the federal requirements under Federal Rule of Criminal Procedure 41. (Id. ¶ 67.)

The government opposes a Franks hearing. (Docket No. 42, at 3-5.) Defendant needs to show that the affiants knowingly included a false statement in order to have a Franks hearing or suppression of the evidence seized. United States v. Barnes, 604 F.2d 121, 152-53 (2d Cir. 1979). The government defends the warrant as a particular request to seize cocaine, controlled substances, and implements (Docket No. 42, at 6). Alternatively, as stated previously, the government argues that the good faith exception should prevail and that the Niagara Falls detectives should be allowed to rely upon a duly ordered warrant. (Id. at 7.)

Looking at the totality of circumstances surrounding the LaSalle Avenue search, a Franks hearing is not necessary and defendant's motion to suppress should be denied. The warrant was particularized enough to identify to the detective the items to be seized and did not constitute a general warrant. There was sufficient probable cause for issuance of the warrant to search the LaSalle Avenue property. The controlled drug purchase described in the warrant application included the officers' surveillance of defendant as he came from, and returned to, 2005 LaSalle Avenue during the course of that transaction.

II.     Suppression of Statements

Defendant next seeks suppression of certain statements he allegedly made to one of the detectives. When confronted at 2005 LaSalle by the searching detectives by the drugs found by the Customs dog, defendant purportedly admitted that the drugs were all his. (Docket No. 37, Def. Atty. Affirm. ¶ 69.) No documents were produced to defendant of his Miranda warnings being given to him before he made that statement. (Id. ¶¶ 70-71.) Defendant wants an

evidentiary hearing as to whether he was advised of his rights, whether he waived his right to remain silent, and the voluntariness of his purported statement.  (Id. ¶ 76.)

The government contends that defendant was advised of his Miranda warnings and that, when shown the drugs in his bedroom, he knowingly waived those rights in claiming those drugs as his own.  (Docket No. 42, at 8-9).

A hearing will be necessary to determine if defendant was advised of his Miranda rights and whether he knowingly waived those rights in making these statements.

III.    Motion to Dismiss the Indictment

Defendant also moves to dismiss the indictment arguing that it is void for vagueness. (Docket No. 37, Def. Atty. Affirm. ¶ 80.)  The government, however, only dealt with the motion to inspect the grand jury minutes aspect of this portion of the omnibus motion (Docket No. 42, at 14-15), which will be considered in the Order dealing with the discovery aspects of the motion. Defendant has failed to make a prima facie showing which would warrant discovery of the grand jury proceedings or showing how the indictment is vague.  It is well-settled that an indictment is not open to challenge on the ground that there was inadequate or incomplete evidence before the grand jury.  Costello v. United States, 350 U.S. 359, 363 (1956).  Defendant's motion to dismiss the indictment should be denied.

**CONCLUSION**

For the reasons stated above, it recommended that defendant Franklin Gayle's motion to suppress (Docket No. 37) should be **granted in part** as to evidence seized from 1308 Ashland Avenue, and **denied in part** as to evidence seized from 2005 LaSalle Avenue, and his motion to

dismiss the indictment should be **denied**.  The Court will hold a hearing as to the suppression of defendant's statements.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report and Recommendations to all parties.

**ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIC TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and

recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provision of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

<u>s/HBS</u>
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        December 6, 2004