UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

UNITED STATES OF AMERICA,

          v.                                  ORDER
                                            04-CR-152A

FRANKLIN GAYLE,

                       Defendant.

───────────────────────────────

        This case was referred to Magistrate Judge Hugh B. Scott, pursuant to 28 U.S.C. § 636(b)(1)(A), on July 20, 2004.  On September 10, 2004, defendant filed a motion to: (1) suppress evidence seized at 2005 LaSalle Avenue and 1308 Ashland Avenue, Niagara Falls, New York; (2) suppress certain statements he made to law enforcement officers; and (3) dismiss the indictment on vagueness grounds.  On December 6, 2004, Magistrate Judge Scott filed a Report and Recommendation, recommending that: (1) defendant's motion to suppress be granted as to evidence seized at 1308 Ashland Avenue; (2) defendant's motion to suppress be denied as to evidence seized at 2005 LaSalle Avenue; and (3) defendant's motion to dismiss be denied.  The Magistrate Judge also ordered a hearing on defendant's motion to suppress statements.  On March 7, 2005, Magistrate Judge Scott issued another Report

and Recommendation, recommending that defendant's motion to suppress statements be denied.

Defendant filed objections to the Report and Recommendations on March 17, 2005. On May 16, 2005, the government filed a response to defendant's objections, along with its own objections. Oral argument on the objections was held on May 23, 2005.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Report and Recommendations to which objections have been made. Upon a de novo review of the Report and Recommendations, and after reviewing the submissions and hearing argument from the parties, the Court adopts the proposed findings of the Report and Recommendations.

With regard to the government's objections, the Court further finds that they are untimely. Pursuant to 28 U.S.C. § 636(b)(1), Rule 72(b) of the Federal Rules of Civil Procedure and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure, as well as Magistrate Judge Scott's Report and Recommendation itself, the government was required to file objections to the Report and Recommendation within ten (10) days of receipt of a copy of the Report and Recommendation. The government's objections were not filed until May 16, 2005, long after the ten-day period had expired.

In addition, the Court notes that the government never provided the Magistrate Judge with copies of the search warrant and search warrant affidavit for 1308 Ashland Avenue.  It is clear from the Report and Recommendation that as a result of this omission, the Magistrate Judge mistakenly believed that there was only one search warrant, the search warrant for 2005 LaSalle Avenue.  The government never moved for reconsideration before the Magistrate Judge nor did it move before this Court to expand the record to include the search warrant and search warrant affidavit for 1308 Ashland Avenue.  Thus, the government's objections must be denied on these grounds as well.

In the future, whenever the validity of a search warrant is at issue, the government shall file copies of the search warrant and any supporting affidavits for the Court's consideration.  The government shall not depend on the defendant to do so.

Accordingly, for the reasons set forth in Magistrate Judge Scott's Report and Recommendations and herein, the Court:  (1) grants defendant's motion to suppress evidence seized at 1308 Ashland Avenue; (2) denies defendant's motion to suppress evidence seized at 2005 LaSalle Avenue; (3) denies defendant's motion to dismiss; and (4) denies defendant's motion to suppress statements.  Counsel shall appear on June 24, 2005, at 9:00 a.m., for a meeting to set a date for trial.

IT IS SO ORDERED.

/s/ Richard J. Arcara

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: June   20    , 2005